## TOWN OF FAIRBANKS v. MABEE et al.
### No. 1365 Cr.

District Court of Alaska.  Fourth Division.  Fairbanks.
Jan. 23, 1948.

Charles J. Clasby, of Fairbanks, for plaintiff.
Warren A. Taylor, of Fairbanks, for defendants.

PRATT, District Judge.

In the first paragraph of Section 3328 of the Ordinances of the Town of Fairbanks, Alaska, it provides: "It shall be unlawful for any person  *  *  *  to keep or use for hire any motor vehicle  *  *  *  within the Town of Fairbanks, Alaska, unless such person  *  *  *  shall have procured a license for each car so to do as herein provided, or operate from other than a licensed location or stand."

It is therefore, by said paragraph, made unlawful to use a motor vehicle for hire within said town unless the vehicle is operated from an unlicensed location or stand, or a license has been procured for the car.  To operate it from a licensed location or stand is made unlawful by said paragraph.

Sub-paragraph (a) of said Section requires an applicant for a license to operate a motor vehicle for hire to make an application which, among other things, states "the business location from which said vehicles will operate".

Sub-paragraph (b) requires a licensee to keep a license card "in said taxi stand or location".

Sub-paragraph (e) provides: "The business location or stand for each vehicle * * * shall not be changed except as approved by the Town of Fairbanks Council upon application therefor".

Sub-paragraph (f) of said Section provides that any person "violating any of the provisions of this Section shall * * * have his license revoked and be fined in a sum not to exceed $20.00 and costs * * *".

The above-mentioned sub-paragraphs make it clear, without considering the contradictory provisions of the first paragraph of said Section, that a business location or stand for a vehicle for hire within the Town of Fairbanks, must be had in order to procure a license for a vehicle, and such location cannot be changed without the approval of the Council of the Town of Fairbanks.

The above-named defendants were charged and convicted in the Municipal Court, of operating motor vehicles within the Town of Fairbanks, Alaska, for hire "from other than a licensed location or stand". They have appealed to this Court and maintain that Ordinance Number 3328, above-mentioned, is invalid.

Section 2383, C.L.A.1933, provides, with reference to the powers of municipal corporations:

"The council shall have and exercise the following powers: * * * Twenty-first: By general ordinance to provide for the licensing and regulating of the use and operation of motor vehicles within the municipality * * *; to regulate the operation of all such vehicles; * * *

"Provided, that all licenses, regulations, qualifications and fares prescribed by the council shall be fair and reasonable."

It should be noted that Section 3328, above-mentioned, does not set forth any rules or regulations under which a person is entitled to a license from the city council for the use for hire of a motor vehicle. It simply leaves it to the unbridled discretion of the town council to refuse or grant an application for such a license.

Said sub-paragraphs likewise fail to lay down any regulations as to when a person shall be entitled to have his application for change of business location approved by the town council of Fairbanks. The granting or refusal of such a change is likewise left to the unrestricted discretion of the city council.

As the statute above-mentioned grants the city council power to provide for licensing and regulating the use of motor vehicles only by general ordinance, the council is thereby prohibited from licensing and regulating such vehicles without having first passed a general ordinance laying down rules whereby impartial consideration of the situation of each applicant can be judged.

The rule is laid down in 43 Corpus Juris as follows:

Page 253: "The council or governing body must proceed under established law. Under a power 'to regulate' conferred on a municipal body it cannot act without regulating; it must set down rules by which an impartial execution of the power can be secured or partiality and oppression prevented."

Page 254, Section 254: "Municipal ordinances and regulations must be certain and definite. To satisfy the requirement for definiteness and certainty the regulation must prescribe a rule of action, and must either expressly or by clear implication classify the persons, things, conditions, and the like upon which the regulation shall operate."

It is therefore held that said ordinance is invalid.